| | | |
|---|---|---|
| DARREN TYRON MANUEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| | ) | **ON INITIAL REVIEW** |
| FNU CARVER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Docs. 1, 2], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 5, 8].

I. **BACKGROUND**

Pro se Plaintiff Darren Tyron Manuel ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On March 5, 2026, he filed this action pursuant to 42 U.S.C. § 1983, based on alleged events at Marion Correctional Institution ("Marion") in Marion, North Carolina. [Doc. 1]. He names the following Defendants in their individual and official capacities: FNU Carver, identified as the Warden at Marion; FNU Conner, identified as a Unit Manager at Marion; and FNU McFalls, identified as a Sergeant at Marion. [Id. at 2-3]. Plaintiff alleges as follows.

On July 30, 2024, Dr. Chung, the doctor at Marion, issued Plaintiff a Medical Duty Status allowing for a chair in Plaintiff's cell because Plaintiff had been diagnosed with a narrowing canal and bulging disc in his lumbar spine. [Id. at 6]. On August 7 or 8, 2024, on Plaintiff's request, Officer Johnson brought Plaintiff a chair. [Id.]. About 15 to 30 minutes later, Defendant McFalls

and four other officers came to Plaintiff's cell and demanded return of the chair. Plaintiff refused, citing Dr. Chung's Medical Duty Status. Defendant McFalls responded that, "[Defendant] Conner created the policy. If she wants to change that policy then she can. But until then, No chairs are allowed in cell." [Id.]. Plaintiff again responded that he had a medical slip for the chair. Defendant McFalls stated that, "Custody overrides medical. Give me the chair." Plaintiff then relinquished the chair. [Id.].

After Plaintiff began the grievance process about the denial of the chair, Dr. Chung removed the order for the chair without giving a reason. [Id.]. In response to Plaintiff's grievance, at Step One, grievance staff concluded:

> I have reviewed your complaint and submit the following: Medical responded that the patient's medical needs are a priority and assuring you get the needed standard of care but there are medical protocols and custody concerns that are used to make these decisions. I will place this issue before the provider to review using the new guidelines that were effective March 2024. Your condition is not reflected on your PULHEAT as an issue so at this time you do not qualify for a chair. I will have the provider review and see if changes need to be made to your activity level and restrictions if you are to qualify for a chair. No further action is recommended at this time.

[Doc. 1-3 at 7]. This response was upheld at Steps Two and Three. [See id. at 8-9]. Additionally, at Step Two, grievance staff noted that, "Medical staff advise the provider reviewed your medical record and with no activity restrictions and by the documentation on your chart, you do not qualify for a chair." [Id. at 8]. Plaintiff also alleges that Defendant Carver is the Warden at Marion and legally responsible for the operations at Marion and the welfare of all inmates and that "staff" knew that Plaintiff "had a serious medical need and ignored Plaintiff['s] treatment." [Doc. 1-1 at 1-2].

Plaintiff claims violation of his Eighth Amendment rights. He also purports to state claims

2

under 18 U.S.C. §§ 241 and 242.[1]  [See id. at 3].  Plaintiff alleges having suffered pain based on the denial of the chair in his cell.  He seeks monetary relief only.  [Id. at 5].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v.

---

[1] There is no private right action for violation of these criminal provisions.  See 18 U.S.C.§§ 241, 242.  The Court, therefore, will not further address these claims.

3

Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff purports to sue Defendants, who are state officials, in their individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claims against Defendants in their official capacities do not survive initial review and will be dismissed.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. Deliberate indifference "entails something more than mere negligence," but does not require actual purposeful intent. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke,

4

884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171. As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). While personal involvement is required, it need not be "hands-on." Riddick v. Barber, 109 F.4th 649 (4th Cir. 2024). "Instead, the 'requisite causal connection' between defendant and violation can be established if the defendant 'set[s] in motion a series of acts by others which the actor[ ] know[s] or reasonably should know would cause others to inflict the constitutional injury.'" Id. at 649-50 (citing Amisi v. Brooks, 93 F.4th 659, 670 (4th Cir. 2024) (internal quotation marks omitted) (establishing liability for a person who "subjects, or causes to be subjected," another person to a deprivation of constitutional rights)).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, Plaintiff has nonetheless failed to state a claim for deliberate indifference to his serious medical needs. That is, Plaintiff's allegations are insufficient to show that any Defendant was aware of Plaintiff's serious medical need and related risks and consciously disregarded them. Rather, Plaintiff's allegations show that Defendant McFalls was merely enforcing a prison policy with knowledge that Plaintiff was approved for a chair. The Court, therefore, will dismiss this claim.

Furthermore, Plaintiff has failed to allege any personal involvement by Defendants Carver or Conner. Plaintiff alleges only that Defendant Conner was responsible for a policy prohibiting chairs in cells and that Defendant Carver is the Warden and therefore responsible for the operations and welfare of inmates at Marion. These allegations are plainly insufficient to state a § 1983 claim against these Defendants and they would be dismissed on this ground in any event.

The Court will allow Plaintiff to amend his Complaint to state a claim for relief in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

### **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

6

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED** as Defendants in this matter.

The Clerk is instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: March 27, 2026

Frank D. Whitney
Senior United States District Judge